UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 5:22-cr-00032

EUGENE W. WILLIAMS

### MEMORANDUM OPINION & ORDER

Pending is Defendant Eugene W. Williams' *pro se* Letter-Form Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821, and Motion to Transfer to a Medical Facility [ECF 54], filed October 17, 2023.

### I.

*A.    Motion for a Reduction of Sentence*

On January 26, 2023, Mr. Williams was sentenced to 84 months imprisonment after pleading guilty to distributing a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1). He has a projected release date of January 29, 2028.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points. It decreases them by one for individuals with seven or more criminal history points. It additionally eliminates status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 Guideline that provides a two-level 2 decrease for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1, both apply retroactively.

At sentencing, Mr. Williams was assessed 12 criminal history points, in addition to two status points inasmuch as he committed the instant offense while serving a criminal justice sentence. A total of 14 criminal history points placed Mr. Williams in a criminal history category of VI. Based on a total offense level of 21 and a criminal history category of VI, Mr. Williams was subject to a guideline imprisonment range of 77 to 96 months. As noted, after consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Williams to 84 months.

Given the retroactive application of Amendment 821, if sentenced today, Mr. Williams would receive a one-point reduction in status points for a total of 13 criminal history points inasmuch as he (1) has seven or more criminal history points, and (2) committed the instant offense while serving a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Critically, however, with a total of 13 criminal history points as opposed to 14, he remains in criminal history category VI. The status point reduction thus does not alter his original guideline imprisonment range of 77 to 96 months. Accordingly, pursuant to U.S.S.G. § 1B1.10(a)(2)(B), Mr. Williams is ineligible for a sentence reduction under Amendment 821 inasmuch as the amendment does not have the effect of lowering his applicable guideline range.

B.   *Motion for Transfer*

Within the same Letter-Form Motion, Mr. Williams seeks transfer to a medical facility. He cites various health conditions and fears his life is in danger. He suffers from hypertension, epilepsy/seizure disorder, Vitamin D deficiency, foot drop, and mononeuropathy of his lower left limb and upper right limb. On October 17, 2023, the Court directed the United States Probation Office to inquire with the Bureau of Prisons ("BOP") respecting these issues. [ECF 53]. According to the USP Canaan Health Services Department, Mr. Williams has been assessed a Care

Level 2 based on his medical conditions. Inasmuch as Mr. Williams is not a Care Level 4, the USP Canaan Health Services Department declared Mr. Williams' transfer to a medical facility unwarranted as his health conditions are adequately treated at USP Canaan.

Mr. Williams also asserts he was moved to the Segregated Housing Unit ("SHU") inasmuch as his life is in danger. This appears inaccurate. According to prison officials, Mr. Williams was placed in SHU per his own request. While Mr. Williams claimed he feared for his life, he refused to disclose any specific information to prison staff respecting his purported safety concerns. Inmate interviews were also conducted by staff in efforts to ascertain the basis for Mr. Williams' concerns. The interviews failed to identify any issues with Mr. Williams within the general population supporting his fears. He was thus placed in unverified protective custody.

Since Mr. Williams' placement in SHU, he has received three sanctions for refusing his program assignment to general population. Per Mr. Williams' counselor, once three sanctions are incurred, an inmate may request transfer. Mr. Williams thus became eligible for transfer to another BOP facility after expiration of his SHU sentence in February 2024. As of this writing, it appears Mr. Williams has been transferred to FTC Oklahoma City.

In any event, the Court lacks jurisdiction to grant Mr. Williams' transfer request. It is well settled that the classification and transfer of federal prisoners is solely within the discretion of the BOP. *See* 18 U.S.C. § 3621(b); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Farno*, 427 U.S. 215, 225 (1976).

## II.

Based on the foregoing discussion, the Court **DENIES** Mr. Williams' *pro se* Letter-Form Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821, and Motion to Transfer to a Medical Facility [**ECF 54**].

3

The Clerk is directed to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 6, 2025

Frank W. Volk
Chief United States District Judge